

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

VALARAE GREEN,

               Plaintiff,

    -against-

KRISTEL ZEBALLOS, P.O. MICHAEL ORSILLO, # 2898,
P.O. THOMAS KEMBLE, # 2957, DET. DAVIS,
ADA ROBERT WALKER, DA CYRUS R. VANCE, JR.,

               Defendants.
----------------------------------------------------------------x

**ORDER**

11-CV-00858 (NGG) (LB)

GARAUFIS, United States District Judge.

Plaintiff, pro se and currently incarcerated at Rikers Island, brings this Complaint pursuant to 42 U.S.C. § 1983. (Compl. (Docket Entry # 1).) For the reasons set forth below, Plaintiff's Complaint is dismissed in its entirety, and his motion to proceed in forma pauperis is denied as moot. (See Mot. for Leave to Proceed In Forma Pauperis (Docket Entry # 2).)

## I.    BACKGROUND

Plaintiff alleges that, while he was at the Port Authority Station, located at Eighth Avenue and 42nd Street in New York City, he "accidently bumped in to Kristel Zeballos, who intentionally and deliberately sprayed plaintiff in the face & eyes with a noxious chemical." (Compl. at pg. 4.)[1] Plaintiff alleges that police officers responded to the scene and refused to arrest Kristel Zeballos. (Id.) Plaintiff further alleges that the New York County District Attorney's office refused to prosecute Zeballos.[2] (Id.) Plaintiff seeks declaratory relief and

---

[1] Plaintiff alleges that the relevant incident took place on July 20, 2011. (Compl. at pg. 4.) This is a mistake, clearly, as Plaintiff filed this suit in February 2011.

[2] Plaintiff's Complaint does not explain whether the described event relates to the (also unexplained) reasons for his incarceration.

1

monetary damages. (Id. at pg. 5.)

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(a), a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Upon review, a district court "shall" dismiss a prisoner's complaint sua sponte if the complaint is 1) "frivolous, malicious, or fails to state a claim upon which relief may be granted;" or 2) "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).

At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. 2010.) A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A pro se litigant's complaint "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

## III. DISCUSSION

A claim under 42 U.S.C. § 1983 is a "method for vindicating federal rights elsewhere conferred, including under the Constitution." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (internal quotations omitted). In order to state a § 1983 claim, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Id. (Internal quotation marks omitted).

### A. Defendant Zeballos

A claim for relief under § 1983 must allege facts showing that the defendant acted under

2

color of a state "statute, ordinance, regulation, custom, or usage." 42 U.S.C. § 1983. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Therefore, for Plaintiff to succeed on his § 1983 claim, he must first establish that the conduct of each named individual is "fairly attributable to the State." Id. Plaintiff does not allege any facts that suggest that Zeballos was in any way associated with a state actor such that her actions could be attributed to the state. The claims against her are therefore dismissed.

### B. Defendants Vance and Walker

Prosecutors enjoy absolute immunity from civil suits for acts committed within the scope of their official duties where the challenged activities are not investigative in nature, but rather are "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). As the Second Circuit has held, "[b]ecause the immunity attaches to the official prosecutorial function, and because the initiation and pursuit of a criminal prosecution are quintessential prosecutorial functions, the prosecutor has absolute immunity for the initiation and conduct of a prosecution unless [he] proceeds in the clear absence of all jurisdiction." Shmueli v. City of New York, 424 F.3d 231, 237 (2d Cir. 2005) (internal quotation marks and citations omitted); see also Buckley v. Fitzsimmons, 509 U.S. 259, 274 n.5 (1993) (acknowledging that absolute immunity shields "prosecutor's decision to bring an indictment, whether he has probable cause or not"). Plaintiff's allegation against Defendants Cyrus R. Vance and Robert Walker is that they failed to prosecute Zeballos. (Compl. at pg. 4) Because the prosecutors' decision not to prosecute a suspect was one covered by absolute immunity, the court dismisses Plaintiff's claims against Defendants Vance and Walker.

3

C.  **Defendants Orsillo, Kemble, and Davis**

Plaintiff names three Port Authority Police Officers as defendants. Plaintiff's sole allegation against these officers is that they failed to arrest Defendant Zeballos. Police officers have broad discretion in determining whether it is appropriate to arrest a citizen. Moreover, governmental inaction is generally not actionable under § 1983. See DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989). Because Plaintiff's claims against the officers exclusively involve their failure to act, the court dismisses these claims.

IV.  **CONCLUSION**

For the aforementioned reasons, Plaintiff's complaint is DISMISSED in its entirety, and his motion to proceed in forma pauperis is DENIED as moot.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
October _17_, 2011

NICHOLAS G. GARAUFIS
United States District Judge